For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**111 TENANTS CORP., Defendant–Appellant.**

**No. 03–7702.**

United States Court of Appeals, Second Circuit.

March 29, 2004.

---

Joshua L. Mallin, Weg and Myers, P.C., (Angela C. de Cespedes), New York, NY, for Appellant, of counsel.

Lon A. Berk, Shaw Pittman, LLP (William A. Schreiner, Jr.), McLean, VA., for Appellee, of counsel.

PRESENT: SACK, SOTOMAYOR, and RAGGI, Circuit Judges.

## SUMMARY ORDER

The defendant-appellant 111 Tenants Corp. ("111 Tenants") appeals from a judgment of the United States District Court for the Southern District of New York (Gerard E. Lynch, *Judge*) granting summary judgment to the plaintiff-appellee St. Paul Fire & Marine Insurance Company ("St.Paul"). *See St. Paul Fire & Marine Ins. Co. of Am. v. 111 Tenants Corp.*, No. 01 Civ. 8835(GEL), 2003 WL 21242998, 2003 U.S. Dist. LEXIS 8923 (S.D.N.Y. May 28, 2003).

On appeal, 111 Tenants argues that the district court erred in concluding, *inter alia*, that the wear-and-tear exclusion in 111 Tenants' all-risk insurance policy applies to exclude coverage for 111 Tenants' loss of its original gas piping system. St. Paul, as the insurer, "shoulders the burden of demonstrating that the loss claimed is excluded expressly from coverage under the policy terms." *M.H. Lipiner & Son, Inc. v. Hanover Ins. Co.*, 869 F.2d 685, 687 (2d Cir.1989). St. Paul has satisfied this burden by "putting forward evidence establishing that an exception to coverage applies." *In re Balfour MacLaine Int'l Ltd.*, 85 F.3d 68, 78 (2d Cir.1996) (internal quotation marks omitted).

The district court correctly determined that St. Paul satisfied its burden of proof on summary judgment to establish that the initial gas leak was caused by wear and tear and was therefore excluded. *See St. Paul*, 2003 WL 21242998, at *3, 2003 U.S. Dist. LEXIS 8923, at *7–*10. The expert reports proffered by St. Paul reasonably analyze the cause of the initial leak to be due to wear and tear, and the district court properly relied on the reports. By contrast, 111 Tenants does not present any evidence to the contrary. There is thus no genuine issue of material fact with respect to the cause of the initial leak. *See* Fed. R.Civ.P. 56(e).

The court also correctly found there to be no genuine issue as to the cause of the pipe damage that manifested through gas leaks during pressure testing, in that the cause was wear and tear. *See id.*, 2003 WL 21242998, at *4–*5, 2003 U.S. Dist. LEXIS 8923, at *11–*16. New York City requires successful testing of gas piping systems at increased pressure to restore gas service. *See* New York City Administrative Code § 27–922(d). St. Paul's expert reports—the only evidence as to the cause of the subsequent gas leaks—reasonably suggest that the gas leaks during these required tests were due to dried sealant and thus to wear and tear. 111 Tenants does not put forth any evidence to the contrary. The only evidence thus indicates that wear and tear caused or made worse the subsequent gas leaks that became apparent after the administration of the pressure testing required by New York City law.

The district court therefore properly granted summary judgment to St. Paul after concluding that the wear-and-tear exclusion applied to exclude coverage for 111 Tenants' loss.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.